(Pleito No. 144.—Fallado el 2 de Septiembre de 1901.)

## Voight contra El Registrador de la Propiedad.

Solicitud de un *Mandamus*.

1.—Abogado defensor. En los juicios ejecutivos los abogados defensores están autorizados para pedir y aceptar en nombre de su cliente la adjudicación decretada á favor de éste, sin necesidad de un *poder escrito*.

2.—Inscripción. La omisión por parte del ejecutante de notificar á los subsiguientes acreedores hipotecarios, en una ejecución de hipoteca y la diferencia entre el valor de la moneda corriente al constituirse el gravamen y la existente al ejecutarse éste, son errores subsanables y no justifican al Registrador para negarse á inscribir el documento. Debe anotar los errores ó defectos subsanables, al hacer la inscripción.

### RESOLUCIÓN.

Puerto Rico, Septiembre dos de mil novecientos uno.—Visto el presente recurso gubernativo interpuesto por el Abogado Don Julio María Padilla, á nombre de Doña Clementina Voight De Castro, contra negativa del Registrador de la Propiedad de Ponce, á inscribir un testimonio del acta de adjudicación de unos terrenos.—Resultando : Que presentado en el Registro de la Propiedad de Ponce para su inscripción, un testimonio, en relación librado por el Secretario del Tribunal de Distrito de aquella Ciudad, del acta de adjudicación de unos terrenos subastados en el juicio ejecutivo sumario, seguido por Doña Clementina Voight De Castro contra Don Julio Rivas y Aroni, en cobro de pesos, procedentes de un crédito hipotecario, denegó el Registrador la inscripción solicitada, por los motivos que expresa la siguiente nota : " No admitida la inscripción del documento que precede :—1º Por la oscuridad de su redacción, no pudiendo por ella, venirse en conocimiento de si la ejecución se ha seguido sólo por el séptimo plazo de intereses, y sus intereses, que se dice totalizan ochocientos ochenta y ocho pesos de moneda provincial, ó por el capital de ocho mil pesos y los intereses.—2º Porque lo mismo en uno que en otro caso, resultaría haberse seguido la ejecución por mayor cantidad que la que adeudaba, toda vez que ésta se consigna

en la escritura en moneda corriente, anterior á la provincial, y la que se reclama en la ejecución—igual cantidad—se expresa en moneda provincial, sin que aparezca su reducción ni la causa del aumento.—3.º Porque habiéndose iniciado el procedimiento en el corriente año, la subasta se ha hecho por cantidad, en moneda provincial—que no existía ya en aquella fecha—en vez de la nacional.—4.º Porque el contenido del documento no corresponde á lo establecido en el artículo 174 del Reglamento hipotecario, y á las reglas generales de los de su clase; y pareciendo que la adjudicación se ha formalizado en dos actos distintos, en fechas y horas diferentes, no se inserta la copia del acta primera.— 5.º Por no constar la tasación de la finca objeto de la subasta.—6.º Por no insertarse el acta de la subasta ni el auto de adjudicación.—7.º Porque existiendo gravámenes posteriores al que motivó la ejecución, no resulta del documento que se haya hecho la notificación que dispone el artículo 1,488 de la Ley de Enjuiciamiento Civil, y el 171 del Reglamento de la Ley Hipotecaria, ni que se hayan publicado los edictos á que se refiere el artículo 172 de dicho Reglamento.—8.º Por no haber sido aceptada por la acreedora ó por apoderado con poder bastante, la adjudicación de la finca subastada, en pago de la hipoteca de que se trata, y que por dicha adjudicación quedará cancelada.—9.º Porque el Secretario autorizante no expresa que hayan firmado el acta las personas cuyos nombres aparecen copiados en el lugar de las firmas.—10.º Porque expresándose que intervino en el acto el Letrado Don Julio María Padilla, en representación de la ejecutante, y que por ella aceptó la adjudicación, no aparece su firma en el acta.—Y como si bien estos defectos pudieran ser subsanables, tales como aparecen en el documento, el primero impide materialmente la inscripción, hasta que se determine su objeto con mayor claridad; el segundo produciría la nulidad de las actuaciones, igualmente las anularía la falta de cumplimiento de los requisitos números 5.º, 7.º, 9.º y 10.º, y el 8.º produce la nulidad de la adjudicación; mientras

no se rectifique en forma, según el artículo 1,259 del Código Civil, no es posible, ni procedente practicar la inscripción con las solas constancias del título y el diminuto apuntamiento que contiene."— Resultando:   Que notificada la precedente nota al presentante del documento, no estuvo conforme con la calificación del Registrador por lo que lo elevó éste para la resolución correspondiente á este Tribunal Supremo, con su informe, en el que insistiendo en los fundamentos de su negativa, concreta la calificación de insubsanables á los defectos expresados bajo los números 2 y 8 de la nota puesta al pie del referido documento, calificando los demás de subsanables, aunque de no poder verificarse la subsanación de los tales defectos, podrían producir la nulidad de la inscripción y ocasionar graves perjuicios.—Resultando: Que el Abogado Don Julio Mª Padilla, en representación de Doña Clementina Voight De Castro, compareció á su vez por escrito ante este Tribunal Supremo, dentro del término legal, estableciendo en forma el recurso gubernativo contra la calificación del Registrador, y pidiendo se dejara sin efecto y se mandara inscribir el documento gratuitamente, con las costas al Registrador de la Propiedad.—Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando:   Que con arreglo al artículo 110 del Reglamento de la Ley Hipotecaria, para distinguir las faltas subsanables de las que no lo sean, deberá atender el Registrador á la validez de la obligación consignada en el título; y si ésta fuere nula por su naturaleza, condiciones, calidad de las personas que la otorguen, ú otra causa semejante ó independiente de su forma extrínseca, se considerará la falta como no subsanable, pero que si la obligación fuese válida atendidas las circunstancias dichas y el defecto estuviese tan sólo en la forma externa del documento que la contenga y que se pueda reformar ó extender de nuevo á voluntad de los interesados en la inscripción, se tendrá por subsanable la falta.—Considerando:   En cuanto al primero de los defectos que el Registrador califica de realmente insubsanables en su

informe, ó sea el segundo de los expresados en la nota puesta al pie del documento de referencia, que atendidos los términos claros, precisos y concretos de la anterior definición no puede estimarse como insubsanable el referido defecto toda vez que cualquiera que sea la diferencia que resulta en la ascendencia del crédito de la ejecutante Doña Clementina Voight De Castro, por haberse computado en moneda provincial, sin descuento, por igual cantidad numérica á la que expresaba la escritura constitutiva del crédito en moneda mexicana, esta circunstancia, que ha sido conocida y consentida por el deudor, no afecta en lo más mínimo á la validez de la adjudicación, que importando un verdadero contrato de dación ó venta en pago reune todos los requisitos necesarios para su validez y eficacia, cuales son, consentimiento, cosa y precio cierto, y por consiguiente es inscribible sin perjuicio de los derechos que asistan á los hipotecarios posteriores, para pedir la liquidación y reducción á su verdadero valor del crédito de la ejecutante por la diferencia de moneda, derechos que calificará en su oportunidad el Registrador de la Propiedad, pero que no puede entorpecer por el momento la inscripción del título presentado en el Registro á favor de la adjudicataria Doña Clementina Voight De Castro.—Considerando : Respecto del segundo defecto que califica también de insubsanable el Registrador en su informe, ó sea el octavo de los que contiene su nota, que autorizados como están los letrados por la Orden General número 134 de treinta y uno de Agosto del mil ochocientos noventa y nueve, para llevar en juicio la representación de sus clientes, sin necesidad de poder escrito, implícitamente lo estaba el abogado defensor de la ejecutante Doña Clementina Voight, para pedir y aceptar en su nombre la adjudicación decretada á su favor en el expediente ejecutivo, máxime cuando, con arreglo á la otra Orden General número 190 de veinte y siete de Noviembre del mismo año, dictada á propuesta de la Junta Judicial para facilitar los traspasos de bienes, se autorizan los contratos de compra y traspaso de bienes raíces

celebrados por medio de Agentes en representación de personas ausentes, como lo está Doña Clementina Voight que se encuentra en Italia según resulta del acta de adjudicación, sin necesidad de poder escrito, siempre que en dichos contratos no se imponga al principal obligación alguna, como sucede en la adjudicación de que se trata, por cuyos motivos no puede menos de estimarse como inscribible sin que á ello se oponga la circunstancia de tener que practicarse la cancelación de la hipoteca, que debe entenderse extinguida, por la confusión de derechos resultante de la misma adjudicación, pedida y aceptada por el representante legítimo de la parte interesada, ni el artículo 1,259, del Código Civil, que sólo declara nulos los contratos que se celebren á nombre de otro, por quien no tenga su autorización ó representación legal, pero no los celebrados por mandatarios con poder ó autorización verbal, que ya desde la antigua legislación eran válidos como lo declaraba respecto de las ventas, la ley 48, título 5º de la Partida 5ª, según la que, cuando algún hombre enviaba su mensajero para que le comprara una cosa por precio determinado "valía la vendida magüer non le oviesse dado carta de personería al mensajero que ficiese la compra."—Considerando: Respecto de los demás defectos que expresa la nota del Registrador, que atendida la definición que da el artículo 110 del Reglamento de la Ley Hipotecaria de las faltas que puedan contener los títulos presentados al Registro, no pueden merecer otra calificación que la de subsanables, y por consiguiente con arreglo al párrafo 2º de la Orden General número 99 de treinta de Abril de mil ochocientos noventa y nueve, no impiden la inscripción, y que no habiendo sido derogada dicha orden, su precepto es obligatorio para los Registradores de la Propiedad, y á ella deben atenerse inscribiendo los títulos que los contengan, y expresando en la inscripción, como la misma Orden General lo impone, los defectos que tuvieran para conocimiento de los interesados, que de esta manera no pueden alegar ignorancia, si á consecuencia de los defectos que

tuviere el título pudiera irrogársele algún perjuicio,—Considerando: Que subsistiendo en parte la calificación del Registrador, no deben imponérsele las costas y demás responsabilidades que, para el caso de que fuera revocada, expresa dicha Orden General.—Vistas las disposiciones legales citadas.— Se declara que no constituyen defectos insubsanables del título de que se trata en el presente recurso, los expresados bajo los números 2 y 8 en la nota puesta por el Registrador de la Propiedad de Ponce, al pie del título de referencia; y en su consecuencia, que procede inscribirlo en la forma que prescribe la Orden General número 99, con los demás defectos subsanables anotados por el Régistrador, á quien se devolverá el documento presentado con copia de la presente resolución que se publicará en la *Gaceta Oficial*, para su conocimiento y el de los interesados y demás efectos procedentes.— Así lo acordaron y firman los señores del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—Eugenio Alvarez, *Secretario sustituto.*